[L. A. No. 132.    Department Two.—April 28, 1897.]

## J. W. SMITH ET AL., APPELLANTS, v. JOHN CORBIT, RESPONDENT.

WATER RIGHTS — STREAM APPURTENANT TO LAND — DIVISION OF LAND— GRANT BY IMPLICATION — EQUAL USER.— Where the owner of land through which a stream flows divides the land into two parts, and grants away one of them, the grantee takes by implication a right to the water necessary for the reasonable enjoyment of the part granted; and where the parties have for many years each used one-half of the water of the stream, without interference, it must be held that the grantee and his successors in interest acquired a right to take and use

one-half of the water of the stream; and the rights of the grantor are not paramount to the rights of the grantee.

ID. — CHANGE OF PLACE OF DIVERSION — QUANTITY UNCHANGED. — The owner of a water right may change the place of diversion to a point higher up the stream, provided the rights of others are not injuriously affected thereby; but he does not, by such change, increase or diminish the share of the water that he is entitled to divert.

ID.—RIPARIAN RIGHTS—DOMESTIC USE—IRRIGATION— DIVISION OF USE.— Riparian owners are entitled to have their natural wants supplied by using so much of the water as is necessary for strictly domestic purposes, and to furnish drink for man and beast, before any can be used for purposes of irrigation; and after their natural wants are supplied, each party is entitled to a reasonable use of the remaining water for irrigation; and where the interests of the parties will be conserved thereby, the court may apportion the flow of the water of the stream to the respective owners by periods of time, so that each may have the full flow during the designated period.

APPEAL from a portion of a judgment of the Superior Court of San Luis Obispo County. V. A. GREGG, Judge.

The facts are stated in the opinion.

*Venable & Goodchild,* for Appellant.

When Mrs. Munoz conveyed to Deleissiguez part of the land, upon the whole of which she then was using water for irrigation, the easement was apportioned, and Deleissiguez took with his land the use of the water. (Civ. Code, sec. 807; *Cave* v. *Crafts,* 53 Cal. 139; *Lampman* v. *Milks,* 21 N. Y. 505; 10 Law Quarterly Review, 323.) By her conveyance she granted to him by implication all such easements in the remaining part of her land as were necessary for the reasonable enjoyment of the part she granted, and the use of the water for his household and stock was necessary for such reasonable enjoyment. (Civ. Code, sec. 3522; *Cave* v. *Crafts, supra.*) Though Corbit changed the point of diversion in 1888, he had the right to do so, provided he did not take more than his share of the water. (*Kidd* v. *Laird,* 15 Cal. 181; *Ramelli* v. *Irish,* 96 Cal. 217.) If the rights of the parties were acquired by deed through Mrs. Munoz, neither one has a right superior to the other; but, if they were not so acquired, their rights depend upon their positions as riparian owners, as a riparian owner

has the right to the use of water on his riparian land. (*Gould* v. *Stafford*, 77 Cal. 66.) Even if Corbit be a superior riparian owner, Smith's natural uses must be supplied before Corbit can use any water for irrigation. (*Gould* v. *Stafford*, *supra; Alta Land Co.* v. *Hancock*, 85 Cal. 230.) For irrigation, Corbit was entitled only to a reasonable, not exclusive, use; and the Smiths, also, were entitled, equally with Corbit, to the same reasonable use. (*Alta Land Co.* v. *Hancock, supra; Harris* v. *Harrison*, 93 Cal. 681.)

*Wilcoxon & Bouldin*, and *J. M. Wilcoxon*, for Respondent.

As an upper riparian proprietor, the necessary wants of the defendant must be supplied before the plaintiff is entitled to any water from the stream. (*Lux* v. *Haggin*, 69 Cal. 390, 396.) If necessary for his use, the defendant had the right to consume all the water of the stream. (Gould on Waters, sec. 203; *Ferrea* v. *Knipe*, 28 Cal. 340; *Hale* v. *McLea*, 53 Cal. 578.) The defendant was entitled to the superior right to the water, by reason of the spring and source of the stream being upon his land. (*Southern Pac. R. R. Co.* v. *Dufour*, 95 Cal. 615.)

Belcher, C.—This is a suit to determine a water right. The court below adjudged that the defendant's right to take and use water out of the stream in controversy, "for all his uses on the land occupied by him," was "paramount to the right of plaintiffs to use said water," and from that judgment the plaintiffs appeal on the judgment-roll.

The findings are in substance as follows: On November 3, 1875, and for a long time prior thereto, one Mrs. Munoz was the owner and in possession of a tract of land on which a small stream of water arose, and flowed thence through the same in a well-defined channel; and during the whole period of her ownership she used the said water for her household purposes, for watering her live stock, and for irrigating the parcels of her land, respectively now owned by plaintiffs and defendant.

On November 3, 1875, Mrs. Munoz conveyed to one Deleissiguez the tract of land described in the complaint as lot 5, the northerly line of which was run along the general course of said stream, crossing and recrossing the same. At that time a dam was constructed at a point on the stream near the northeast corner of lot 5 for conducting water upon said lot; and from the time of his purchase up to January 31, 1887, Deleissiguez continuously used on said lot one-half of the waters of the stream for domestic, irrigating, etc., purposes. On January 31, 1887, Deleissiguez conveyed to plaintiffs the said lot 5, and they immediately en. tered into, and have ever since remained in, possession thereof. And from the time of their purchase up to April 15, 1894 (the time of the diversion complained of), they continuously used one-half of the water of said stream for their household purposes, for watering their stock, and for irrigating their yard and garden and an orchard of lemon and other fruit trees, all upon said lot.

In 1886, Mrs. Munoz conveyed to defendant two tracts of her land, one lying on the north side of plaintiffs' lot 5 and contiguous thereto, called the "Corbit" tract, and the other lying further up the stream and including the place where the stream arose, called the "Goldtree" tract, In 1888 defendant changed the place of diversion of the water used by him from the said dam to a point higher up the stream on the Goldtree tract, and laid pipes therefrom to his house on the Corbit tract, through which he conducted the other half of the water. Thereafter he continued to use the water so diverted for his household purposes, for watering his livestock, and for irrigating his land.

In ordinary seasons the stream carried about four inches of water measured under a four-inch pressure, but during the winter of 1893–94 there was but very little rain, and after April 15, 1894, there was not sufficient water flowing in the stream to supply defendant's diversion. From the date last named to the time of the trial

in September following defendant's pipes diverted nearly all the water of the stream, and by reason of such diversion plaintiffs were almost entirely deprived of water. The defendant did not, however, waste any of the waters of the stream, but in good faith used the same upon his land for domestic, stock, and irrigation purposes.

Upon these facts we fail to see how the conclusion of the court below that the rights of defendant were paramount to the rights of plaintiffs can be sustained.

1. The Civil Code, section 3522, declares that: "One who grants a thing is presumed to grant also whatever is essential to its use." And in *Cave* v. *Crafts*, 53 Cal. 135, it is said: "When the owner of lands divides his property into two parts, granting away one of them, he is taken by implication to include in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time he transfers it." And again: "The general rule of law is that when a party grants a thing he by implication grants whatever is incident to it and necessary to its beneficial enjoyment."

When, therefore, Mrs. Munoz conveyed to Deleissiguez a part of her land, on which she had been using the water of the said stream for many years, she must be presumed to have granted also a right to the water which was necessary for the reasonable enjoyment of the part granted. And that such was the intention and understanding of all the parties concerned is clearly shown by the fact that for more than nineteen years the plaintiffs and their grantor appropriated and used upon their land one-half of the water of the stream, without any objection or interference on the part of defendant or his grantor, Mrs. Munoz. It must be held, therefore, we think, that plaintiffs under their conveyances and long user acquired a right to take and use one-half of the water of the stream

It is true defendant in 1888 changed the place of his diversion of the water to a point higher up the

stream; but this he had a right to do, provided the rights of others were not injuriously affected thereby. (*Kidd* v. *Laird*, 15 Cal. 162; *Ramelli* v. *Irish*, 96 Cal. 214.) The change, however, did not increase or diminish the share of the water which he was entitled to divert. He still had a right to only one-half of the water flowing in the stream; and this continued to be his right in 1894, when the quantity of water flowing was diminished by reason of the dry season.

2. The plaintiffs and defendant are riparian owners, and, if their respective rights are to be considered and determined in view of the law applicable to such cases, the judgment must still be held erroneous.

It appears that the stream enters the Corbit tract a short distance above the point where it crosses the line between the two tracts, and then flows down crossing and recrossing that line several times. The fact that defendant diverted the water on the Goldtree tract did not give him any superior right to use it on the Corbit tract. As riparian owners, both parties were entitled to have their natural wants supplied, that is, to use so much of the water as was necessary for strictly domestic purposes and to furnish drink for man and beast, before any could be used for purposes of irrigation. (*Gould* v. *Stafford*, 77 Cal. 66; *Alta Land etc. Co.* v. *Hancock*, 85 Cal. 219.) After their natural wants were supplied each party was entitled to a reasonable use of the remaining water for irrigation; and, if the circumstances were such that the interests of the parties would be conserved thereby, the court was authorized to apportion the flow of the water of the stream to the respective owners by periods of time, so that each would have the full flow during such designated period. (*Harris* v. *Harrison*, 93 Cal. 676; *Wiggins* v. *Muscupiabe, etc. Co.*, 113 Cal. 182; 54 Am. St. Rep. 337.)

The judgment, so far as it is appealed from, should be reversed, and the cause remanded.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment, so far as it is appealed from, is reversed, and the cause remanded.

McFARLAND, J., TEMPLE, J., HENSHAW, J.