[Sac. No. 1328.   Department Two.—March 31, 1905.]

J. W. C. POGUE, Respondent, v. W. W. COLLINS et al., Appellants.

WATER-DITCHES — CONSTRUCTION OF DEED — EXTENSION GRANTED AS EASEMENT—APPURTENANCE.—A deed to a water company of water-ditches described, and "also all the rights, privileges, immunities, franchises, and easements thereunto, or unto either of said ditches, belonging," conveys an extension of one of the ditches, which was a necessary right of way incidental to the main ditch, including the right of receiving water therein appropriated by the main ditch

---
[1] 43 Am. Rep. 668.

and discharging'it through the extension upon another's land. Such extension and right is an easement attached and appurtenant to the main ditch, which passed with the transfer thereof.

ID.—INJUNCTION AGAINST EXECUTION SALE OF EXTENSION.—The grantee under such deed may enjoin an execution sale of such extension of the main ditch, under execution issued against the grantor.

APPEAL from a judgment of the Superior Court of the County of Tulare. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

John D. Pope, for Appellants.

The extension is of the same kind, quality, and worth as the original ditch, and is as truly real property. One part of land cannot be an appurtenance to another part. (Civ. Code, secs. 658, 662; 2 Am. & Eng. Ency. of Law, 521; *Ginocchio* v. *Amador Canal etc. Co.,* 67 Cal. 493, 496; *Ogden* v. *Jennings,* 62 N. Y. 530, 531; *St. Louis Bridge Co.* v. *Curtis,* 103 Ill. 410; .*Leonard* v. *White,* 7 Mass. 6;[1] *Van O'Linda* v. *Lothrop,* 21 Pick. 292;[2] *Kellett* v. *Clayton,* 99 Cal. 210; *Ritger* v. *Parker,* 8 Cush. 145;[3] *Gray* v. *Williams,* 98 Cal. 160;[4] *Canal Co.* v. *Gordon,* 6 Wall. 561; *Reynolds* v. *Hosmer,* 51 Cal. 205, 208; *Pacific Rolling Mill Co.* v. *Bear Valley Co.,* 120 Cal. 94;[5] *Armstrong* v. *Dubois,* 90 N. Y. 95; *Woodhull* v. *Rosenthal,* 61 N. Y. 382; *Sanchez* v. *Grace M. E. Church,* 114 Cal. 295.)

Alfred Daggett, for Respondent.

The extension was an easement to the main ditch, having no other water-right, and the findings establish that it was an appurtenance thereto, and part and parcel thereof. (Civ. Code, secs. 662, 801, 1083, 1104; *Cross* v. *Kitts,* 69 Cal. 221;[6] *Lower Kings River etc. Co.* v. *Kings River etc. Co.,* 60 Cal. 410; *Cave* v. *Crafts,* 53 Cal. 135; *McShane* v. *Carter,* 80 Cal. 315; *Ely* v. *Ferguson,* 91 Cal. 187; *Clyne* v. *Benicia Water Co.,* 100 Cal. 314; *Haley* v. *Amestoy,* 44 Cal. 132; *Truett* v. *Adams,* 66 Cal. 218; *Burnett* v. *Kullack,* 76 Cal. 536; *Murray* v. *Tulare Irrigation Co.,* 120 Cal. 315.) An injunction to enjoin a sale of part of the ditch under execution against

| | |
|---|---|
| [1] 5 Am. Dec. 19. | [4] 35 Am. St. Rep. 163. |
| [2] 32 Am. Dec. 261, and note. | [5] 65 Am. St. Rep. 176, and note. |
| [3] 54 Am. Dec. 744. | [6] 58 Am. Rep. 538. |

plaintiff's grantor is the proper remedy. (*Pixley* v. *Huggins,* 15 Cal. 128; *Woodruff* v. *Perry,* 103 Cal. 613.)

HENSHAW, J.—This action was prosecuted against the sheriff and others to enjoin them from enforcing an execution against any part of a certain irrigation ditch which had been constructed by the Kaweah Power and Water Company. Plaintiff obtained judgment, and defendants appeal upon the judgment-roll alone.

The findings are voluminous, and from those findings it appears that plaintiff had conveyed a ditch with certain water-rights and rights of way to the Kaweah Power and Water Company under contract, whereby for the failure to do certain things the Kaweah Power and Water Company was to reconvey these properties to the plaintiff in this action. Plaintiff brought an action against the Kaweah Power and Water Company to obtain a specific performance of this agreement, and a reconveyance was decreed by the court. An appeal to this court was taken, and the judgment was affirmed and became absolute on the twenty-third day of April, 1903, (*Pogue* v. *Kaweah Power and Water Co.,* 138 Cal. 664). A reconveyance was thus made to Pogue.

Edwin Meredith and William Meredith, as executors of the estate of George Meredith, deceased, brought an action upon the thirteenth day of May, 1899, and recovered a judgment in the superior court against the Kaweah Power and Water Company. They proceeded to have execution levied upon a portion of the ditch which they here contend was not embraced in the reconveyance by the Kaweah Power and Water Company to Pogue. This forms the sole contention upon this appeal. Upon the other hand, plaintiff insists and the court found that this extension of the original ditch constructed by the Kaweah Power and Water Company, while it held the property, was a part of the property necessarily reconveyed to plaintiff herein, and therefore not liable to execution, levy, and sale at the instance of defendants.

The ditch conveyed by plaintiff to the Kaweah Power and Water Company is known and designated in the findings as the "Pogue, Wallace and Crocker Ditch." The court found, referring to the extension here in dispute, as follows: "This last extension of the said Pogue, Wallace and Crocker Ditch

across said section nineteen last referred to, was made for the express purpose of being used with and attached to said Pogue, Wallace and Crocker Ditch, as an easement and as an appurtenance thereto, and the only use that could be made, and the only use that was ever made of said extension of said Pogue, Wallace and Crocker Ditch, as the same was extended across said section nineteen, was for the distribution of water for irrigation, which water was diverted from the Kaweah River into and through said Pogue, Wallace and Crocker Ditch down to the south line of said section eighteen, in township nineteen south, range twenty-seven east, Mount Diablo base and meridian, and from thence carried further on and distributed for the purposes of irrigation through said extension of said Pogue, Wallace and Crocker Ditch, which was made, as above stated, across said section nineteen, township nineteen south, range twenty-seven east, Mount Diablo base and meridian. That the only source of supply water to said extension of said Pogue, Wallace and Crocker Ditch, across said section nineteen, is now, and always has been, from the said Kaweah River through the head of said Pogue, Wallace and Crocker Ditch.'' Still further the court found: ''That by the deed of grant executed on the 5th day of May, 1903, by said Kaweah Power and Water Company to the said plaintiff, J. W. C. Pogue, under and in pursuance to the commands contained in said judgment, rendered in said action No. 4618, a copy of which said judgment is set out in the fifth paragraph of plaintiff's complaint herein, the said Kaweah Power and Water Company conveyed to the said plaintiff, in fee simple absolute, the said Pogue, Wallace and Crocker Ditch, being the same ditch that was constructed and in existence on the 4th day of May, 1897, when said contract, set out in the second paragraph of plaintiff's complaint, was executed, and also all rights, privileges, immunities, franchises and easements thereunto belonging, together with eight cubic feet of water per second, being a one-half interest in and to the water appropriated by and flowing, or that may flow from the Kaweah River into said ditch known as the Pogue, Wallace and Crocker Ditch, and the right to the use and flow thereof in and through that other water ditch which has its head about one hundred yards below the said head of the said Pogue, Wallace and Crocker Ditch, and unites with

the said Pogue, Wallace and Crocker Ditch below the head-gate of said Pogue, Wallace and Crocker Ditch, and the right to the use and flow of one-half of the waters appropriated by means of, or flowing in, either or both of said ditches from the said Kaweah River, which said deed conveyed to said plaintiff, J. W. C. Pogue, in fee simple and absolute, all of the property owned or claimed by said Kaweah Power and Water Company in and to said Pogue, Wallace and Crocker Ditch, the water-right belonging thereto, and each and all of the rights, privileges, immunities, franchises, easements, rights of way and appurtenances belonging to or used in connection with said Pogue, Wallace and Crocker Ditch." The Kaweah Power and Water Company reconveyed to Pogue as follows: "Also all the right, title and interest of the said defendant Kaweah Power and Water Company in and to the said Pogue, Wallace and Crocker Ditch, the same being the ditch that was constructed and in existence on the 4th day of May, 1897, when the contract between plaintiff and defendant set out in the fourteenth paragraph of the amended complaint was executed, and all extensions thereof on the right of way, described in the deed of plaintiff to the Kaweah Irrigation and Power Company, dated August 15th, 1895, and set out in the tenth paragraph of the amended complaint; also in the other ditch leading out of Kaweah River below the original head-gate of the said Pogue, Wallace and Crocker Ditch, and leading into said ditch below said head-gate; also all the rights, privileges, immunities, franchises and easements thereunto or unto either of said ditches belonging. Also all right of way described in said agreement of May 4th."

These findings amply support the judgment which the court rendered. The Kaweah Power and Water Company in extending the ditch, and in contracting to supply water through this extension, incurred obligations which could never be fulfilled by them or by their successors, except by regarding the extension of the ditch as a necessary right of way incidental to the main ditch. And this being so, the extension unquestionably passed with the conveyance of the Kaweah Power and Water Company to the plaintiff of "all the rights, privileges, immunities, franchises and easements unto either of the said ditches belonging." A transfer of real property passes all easements attached thereto, and creates in favor

thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed. (Civ. Code, sec. 1104.) A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse. (Civ. Code, sec. 662.) And the right of receiving water from or discharging water upon another's land is amongst the land burdens and servitudes permitted by law and designated as easements. (Civ. Code, sec. 801.)

The judgment appealed from is therefore affirmed.

Lorigan, J., and McFarland, J., concurred.