[L. A. No. 2002.   Department One.—July 3, 1908.]

## RUBIO CAÑON LAND AND WATER ASSOCIATION, Respondent, v. TORREY EVERETT, Appellant.

APPEAL—JUDGMENT ESTABLISHING EASEMENT AND FOR MONEY DAMAGES—CONVEYANCE BY DEFENDANT PENDING APPEAL—DISMISSAL.—
In an action to establish a right to maintain a pipe-line through defendant's land, to restrain further interference therewith, and to recover damages for injuries thereto, in which the plaintiff recovered judgment as prayed for, including a judgment against the defendant in the sum of one hundred dollars as damages, an appeal by the defendant from such judgment, and from an order denying his motion for a new trial, which was directed to the money part of the judgment as well as to that relating to the pipe-line, will not be dismissed on the ground that the defendant had parted with his interest in the land and pipe-line pending the appeal.

EASEMENT—PAROL AGREEMENT FOR RIGHT OF WAY FOR PIPE-LINE—GRANT OF DOMINANT TENEMENT WITH APPURTENANCES.—Where an owner of land, in pursuance of an oral agreement therefor, authorizes another person to erect a water pumping-plant on a particular part of his land, and from thence to construct a pipe-line across other portions of his land to convey the water, and the pumping-plant and pipe-line are constructed in accordance with such agreement, and subsequently and in further pursuance thereof the owner grants to such person the land on which the pumping-plant is situated, together with the "appurtenances thereunto belonging or in any wise appertaining," such conveyance, as between the grantor and the grantee, carries with it the right of way to maintain the pipe-line over the other lands of the grantor.   Such result would follow, even if the deed had not expressly purported to convey the "appurtenances" with the land.

ID.—DOMINANT AND SERVIENT TENEMENTS.—In such case, as to the easement for the right of way, the land on which the pumping-plant was situated was the dominant tenement, and the land across which the pipe-line was constructed was the servient tenement.

ID.—GRANT OF SERVIENT TENEMENT — NOTICE OF FACTS PUTTING GRANTEE ON INQUIRY.—A subsequent grantee of the portion of the land subject to such easement, who has actual notice of facts and circumstances sufficient to put him on inquiry as to the pipe-line and right of way, takes in subordination to the easement.   In the present case, the evidence is reviewed and held sufficient to warrant the trial court in concluding that the defendant, who was such grantee, had actual notice of facts putting him on inquiry, notwithstanding his disavowal of knowledge of the existence of the pipe-line.

Id.—Findings—Particular Facts Constituting Notice.—In an action
against the subsequent grantee to establish the easement, a finding
that he had knowledge of facts and circumstances sufficient to put
a prudent man on inquiry as to the existence of the easement and
right of way, and that by prosecuting such inquiry he might have
learned of the existence thereof, is sufficient to sustain a judgment
for the plaintiff, without a finding as to the particular facts and
circumstances referred to.

Id.—Evidence of Parol Agreement for Easement.—In such action,
evidence of the parol agreement between the original owner of the
land and the plaintiff, who erected the pumping-plant, is admissible
for the purpose of showing that the plaintiff held the equitable
title to the easement prior to the conveyance thereof by such owner.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Roger S. Page, and Sherman Page, for Appellant.

Lee & Chase, J. R. Scott, and Lee, Scott, Bailey & Chase,
for Respondent.

SHAW, J.—Defendant was the owner of a tract of land in
and through which, before he became such owner, plaintiff
had laid an eight-inch pipe leading from the plaintiff's well
and pumping-plant, adjoining defendant's land, to plaintiff's
reservoir, situated about a mile distant. The pipe was used
by plaintiff to conduct water from its pump to said reservoir.
Defendant, claiming that the pipe was maintained and used
through his land without right, proceeded to tear up and
remove thirty feet of the pipe and destroy eighty feet more
by making holes therein. Thereupon plaintiff began this
action to establish its right to maintain and use the line of
pipe through defendant's land, to restrain further interfer-
ence therewith by defendant, and to recover damages for the
injury thereto. Judgment was given for the plaintiff, de-
fendant's motion for a new trial was denied, and he appeals
from the judgment and the order.

The respondent moves to dismiss the appeals on the ground
that, since they were taken, the defendant has parted with his
interest in the land and relinquished his interest in the pipe-

line. The plaintiff in its complaint demanded judgment for seven hundred and fifty dollars, and recovered thereon one hundred dollars as damages. The motion for a new trial was directed to this part of the judgment as well as that relating to the pipe-line. Under these circumstances the defendant has the right, independent of the question of title, to appeal from the money judgment and from the order denying a new trial. (*Solomon* v. *Reese,* 34 Cal. 33; *Dashiell* v. *Slingerland,* 60 Cal. 654.) The appeals will therefore stand, regardless of the existence or non-existence of further controversy as to the right of way. The motion is denied.

The land of plaintiff on which its well and pumping-plant were situated consisted of one half an acre which, together with defendant's land, comprised the whole of lot 14, block 8, of Altadena, which block originally belonged to one Andrew McNally. Plaintiff was engaged in supplying water to its stockholders for domestic use and irrigation. McNally was one of its largest stockholders. The plaintiff's water supply was insufficient, and in order to obtain more water it made an oral agreement with McNally to the effect that it would sink a well on the half acre in question, erect a pumping-plant thereon, lay the pipe-line in question, and operate the pump and pipe to carry water from the well to plaintiff's reservoir for the use of McNally and the other stockholders, and that thereupon McNally would convey to the plaintiff the said parcel of land and give the defendant the right of way in question over the remainder of lot 14 for the pipe-line in controversy. In pursuance of this agreement plaintiff constructed the well, pumping-plant, and pipe-line at an expense of more than twelve thousand dollars, and McNally thereupon executed to it a deed conveying the half acre, together with the "appurtenances thereunto belonging or in anywise appertaining." The deed did not otherwise describe the pipe-line or right of way through the remainder of lot 14. This deed was dated April 24, 1903, and was duly recorded May 15, 1903. Defendant purchased of McNally the remainder of lot 14 on April 16, 1904, by deed of that date. This deed expressly excepted the half acre previously conveyed to the plaintiff, describing it by metes and bounds, but it did not expressly reserve or mention the pipe-line or right of way therefor across the land conveyed to Everett. The court finds

that Everett, at the time, had no actual knowledge of the existence of the right of way or of the pipe-line, so far as it was constructed on his land, but that he did have constructive notice thereof by reason of the recorded deed from McNally to plaintiff of the half acre with the appurtenances belonging thereto, and also by reason of actual notice of circumstances sufficient to put him on inquiry concerning the said pipe-line and right of way.

As between the plaintiff and McNally, the conveyance of the half acre unquestionably carried with it the right of way to maintain the pipe-line. The pipe-line was then in existence across the remainder of lot 14 and was then in use by plaintiff as an appurtenance to the pumping-plant, for the purpose of carrying water from the pump to the reservoir, and McNally had full knowledge of these facts. The half acre and the pipe-line were in the possession of plaintiff under the previous parol agreement. As to the easement over the land conveyed to defendant, the half acre was the dominant tenement and the remainder of the lot the servient tenement. If McNally, while he was the owner of the entire lot, had erected the pumping-plant, laid the pipe, and put the same in operation, and had then conveyed the pumping-plant to the plaintiff, the effect would be, under the rule of common law and of the Civil Code, to create an easement across the remainder of the land for the maintenance of the pipe-line as an incident to the land conveyed. (Civ. Code, sec. 1104; *Jones* v. *Sanders,* 138 Cal. 411, [71 Pac. 506]; *Cave* v. *Crafts,* 53 Cal. 139; *Quinlan* v. *Noble,* 75 Cal. 352, [17 Pac. 69]; *Dixon* v. *Schermeier,* 110 Cal. 585, [42 Pac. 1091]; *Smith* v. *Corbit,* 116 Cal. 591, [48 Pac. 725].) It may be that the fact that the pumping-plant and pipe-line were constructed by the plaintiff and not by McNally would prevent the conveyance from having this effect, or at least prevent the application of the common law and code rule referred to. But under the principles of equity, and by force of other rules of law, the result is the same. McNally had agreed in parol to convey the land and the right of way and had put plaintiff in possession in pursuance of the agreement. The consideration of the agreement, so far as McNally was concerned, was the expenditure of the money necessary to construct the well, pump, and pipe-line, and the supplying of the water obtained to McNally and

the other stockholders. Plaintiff had paid the full consideration agreed upon by putting the system in operation. It had a perfect equitable title to the land and to the easement appertaining thereto. The deed was but the execution of the parol agreement. It transferred the naked legal title and vested in plaintiff the entire estate, legal and equitable, in the land, and in the easement which was, as the property then stood, an incident thereto. (Civ. Code, sec. 801.) The transfer of the legal title to the principal thing transferred also the legal title to the easement as an incident thereto. (Civ. Code, sec. 1084; *Pogue* v. *Collins,* 146 Cal. 435, [80 Pac. 623].) This would be the case even if the deed had not expressly purported to convey the "appurtenances" with the land. (*Cave* v. *Crafts,* 53 Cal. 140; *McShane* v. *Carter,* 80 Cal. 313, [22 Pac. 178]; *Simmons* v. *Winters,* 21 Or. 44, [28 Am. St. Rep. 727, 27 Pac. 7]; *Tucker* v. *Jones,* 8 Mont. 231, [19 Pac. 571]; Jones on Conveyancing, sec. 1643; Brewster on Conveyancing, sec. 118.)

It is contended by the respondent that, inasmuch as the deed from McNally to plaintiff passed the legal title in the pipe-line and right of way therefor to the grantee, it necessarily follows that its recordation constituted constructive notice to the defendant of the easement therefor over the land he subsequently bought, although the pipe was concealed by being buried two feet under the surface of the ground and plaintiff had no actual knowledge thereof. It is contended that the rule is that subsequent purchasers of land take it subject to all servitudes then laid upon it for the support of easements of the class called "apparent" and which are attached to other land. The principle is well established, but the question whether or not an easement of the character of this pipe-line is an apparent easement is not so clear. Many authorities declare that the word "apparent," as applied to an easement in this connection, does not necessarily mean visible, but refers to easements used by means of some artificial permanent structure on the servient tenement, such as a pipe, a sewer, or a ditch, as distinguished from those which use the servient tenement in its natural state and at intervals, in the mean time leaving no visible sign of their existence, such as a way or a right of fishery or pasture. Jones on Easements, sec. 125; *Lausen* v. *Peterson,* 53 N. J. Eq. 88, [30 Atl.

1049] ; *Pyer* v. *Carter,* 40 Eng. Law & Equity, 414; *Felters* v. *Humphreys,* 18 N. J. Eq. 260; *Kelly* v. *Dunning,* 43 N. J. Eq. 70, [10 Atl. 276], are cited in support of this proposition. It seems also to find some support from the decision in *Farmer* v. *Ukiah Water Co.,* 56 Cal. 14, holding that the record of a deed for a tract of land was constructive notice of the right to an easement consisting of a water supply delivered through an underground pipe across adjoining land, although the grantee of that land had no actual notice thereof.

We do not find it necessary to decide whether or not the record of the deed was constructive notice to the defendant, for we are of the opinion that the evidence is sufficient to sustain the finding of the court that the defendant had actual notice of facts and circumstances sufficient to put him on inquiry as to the pipe-line and right of way, and this finding supports the judgment.

The defendant knew of the well and pumping-plant, and that it was a part of plaintiff's water system and was used to supply water to plaintiff's reservoir and pipes, by means whereof it distributed water to its stockholders in the neighborhood. He knew that the land he was buying was dependent upon this system for water to use thereon, and that in order to obtain this water he must become a stockholder of plaintiff. He bought fifty shares of the stock for that purpose at the time of buying the land. The pipe-line ran north from the pumphouse to Piedmont Drive, a distance of about half a mile in a straight line, passing through the remainder of the half acre and of lot 14 and a number of other lots intervening. It was located parallel to and about four feet east of a stone-lined storm ditch, five feet wide and three feet deep, extending through all of said lots. Alameda Street bounded lot 14 on the north. Across this street and immediately over the line of pipe there was a distinct depression in the earth, such as frequently appears where a trench for a pipe has been lightly refilled. Similar depressions some six inches deep showed in a straight line in defendant's lot over the pipe-line, indicating its exact course. These were not such depressions as would be made by plowing. Some five or six feet north of the pumphouse there was a pipe protruding six inches above the ground and leading down to a cut-off valve in the pipe-line in question. Six feet further north a one-and-a-half-inch pipe

connected with the said pipe-line, extending eighteen inches above the ground, and then, turning by an elbow, ran to the pump-engine in the pumphouse. These pipes gave clear indications that they must be connected with an underground pipe leading from the pumphouse to the north. Before buying the lot defendant went to the pumphouse and to the land around it to see what was there to be seen, and did see the pipes above mentioned. He went there because he wanted to know just how the plant was operated and what it was operated for, and whether it would be so noisy as to be objectionable. It was not then in operation. He also walked all over lot 14 and along the storm drain and looked at the whole property. No evidence was given to show that he knew the direction of the plaintiff's reservoir from the pumphouse, but he testified that before buying he inquired of the people generally about the conditions relating to water and the sufficiency of the supply, and he did not deny knowledge of the position of the reservoir nor of the fact that the water from the well was pumped to the reservoir through a pipe.

The force and effect of these circumstances as proof that the defendant was put upon inquiry concerning the location of the pipe-line was a matter for the determination of the trial court. All that it is necessary for this court to decide is that an inference could reasonably be drawn therefrom that the defendant was thus put on inquiry, and we think that it is sufficient for that purpose. His avowal that he was not aware of it is not conclusive, for the trial court may not have credited him on that point.

The finding merely states that he had knowledge of facts and circumstances sufficient to put a prudent man on inquiry as to the existence of the easement and right of way, and that by prosecuting such inquiry he might have learned of the existence thereof. Complaint is made that this finding does not set forth the particular facts and circumstances referred to. We do not think that this was necessary. The finding of the fact that plaintiff was put on inquiry sufficiently charges him with notice of the easement.

The evidence of the parol agreement between McNally and plaintiff was admissible for the purpose of showing that plaintiff held the equitable title to the easement prior to McNally's conveyance thereof.

On the question whether or not the court intended to charge the defendant with punitive damages the finding is somewhat ambiguous, but we do not think the ambiguity is material. The complaint averred a malicious injury, and the evidence was sufficient to show that defendant, in pursuance of a willful intention so to do, did inflict unnecessary injury to the pipe at the time he removed a part of it. We find no error in the record.

The judgment and order are affirmed.

Sloss, J., concurred.

ANGELLOTTI, J., concurring.—I do not believe that it should be held that the record of the deed from McNally to plaintiff was constructive notice to defendant of the right of plaintiff to an easement which was not visible, unless he had actual knowledge of the existence of the easement, or notice of the facts and circumstances sufficient to put him on inquiry. As I understand the opinion, however, the decision on this point is put entirely on the ground that the evidence is sufficient to sustain the finding of the trial court that the defendant had actual notice of facts and circumstances sufficient to put him on inquiry as to the pipe-line and right of way. Although the evidence as shown by the printed record is, to my mind, not entirely satisfactory to this effect, I do not think it can be held that there was not enough therein to support the conclusion of the trial court. I therefore concur.