[Civ. No. 8307. Third Dist. Dec. 15, 1953.]

JOHN F. JOHNSON et al., Respondents, v. GREG CELLA et al., Appellants.

Bruce B. Bruchler and Lovett K. Fraser for Appellants.

Calfee, Gregg, Moses & Calfee and Gregory Solich for Respondents.

PAULSEN, J. pro tem.*—This is an action to quiet title to an easement over defendants' property for a 3/4 inch pipeline, together with the incidental right to enter and maintain the flow of water through said pipeline.

Plaintiffs also claimed damages incurred as a result of defendants' action in shutting off the water and thereby depriving plaintiffs of household water and for loss of a sale of their property.

The court entered judgment quieting title to the easement in plaintiffs and awarding damages in the sum of $500, and costs.

Defendants' motion for a new trial was denied. They now appeal from the judgment and the order.

The property here involved consists of three tracts lying adjacent to one another. On the most southerly side lies the Cella tract, owned by the defendants, and over which the plaintiffs claim the easement. To the north, and contiguous to the Cella tract, lies the Benson tract; and to the north of the Benson tract, and contiguous to it, lies the Johnson tract owned by plaintiffs. Plaintiffs previously had owned the Cella tract but on April 2, 1946, sold it to one Patton. In 1947 Patton acquired the Johnson and Benson tracts also, then owning and controlling all three as a single tract. Plaintiffs purchased the Benson and Johnson tracts from Patton on September 2, 1947. Defendants purchased the Cella tract from Patton on April 13, 1948. In March, 1949, Johnson sold the Benson tract to Benson.

---

*Assigned by Chairman of Judicial Council.

At the time plaintiffs purchased the Johnson and Benson tracts from Patton they inspected the properties and found that the household water supply for the most northerly tract was supplied from a spring on the most southerly (now Cella) tract and that the pipeline was already installed. However, when the purchase of the northerly tract was made, nothing was said in the deed about the pipeline or water.

Throughout the trial and in the briefs filed on this appeal, appellants contended that plaintiffs never had an easement of any kind. Plaintiffs at all times insisted that one was created by implication under the provisions of section 1104 of the Civil Code. At the time of oral argument, appellants conceded the existence of the easement at the time Johnson purchased his tract from Patton. They argue, however, that they were bona fide purchasers of the Cella tract without knowledge or notice sufficient to put them on inquiry as to the existence of the easement.

It is admitted that there was no record evidence of the easement, but the court found that "at the time of their purchase the defendants had actual notice of facts and circumstances sufficient to put them on inquiry as to the said pipeline and rights of plaintiffs." Such a finding, if supported by the evidence, is sufficient without a further statement of the facts that gave rise to notice. (*Rubio Cañon etc. Assn.* v. *Everett,* 154 Cal. 29, 35 [96 P. 811]; *Kenniff* v. *Caulfield,* 140 Cal. 34 [73 P. 803].)

In an action of this kind the subsequent grantee who claims protection as a bona fide purchaser is entitled to such protection unless it is established that he is chargeable with actual or constructive notice of the existence of the easement. (*Kenniff* v. *Caulfield, supra*; *Powers* v. *Perry,* 12 Cal.App. 77 [106 P. 595].) "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code, § 19.) He is bound to take notice of facts which a reasonable inspection of the land would disclose to him and to make further inquiry when something is visible that would suggest such a course to a prudent person, possessing ordinary faculties. (*Pollard* v. *Rebman,* 162 Cal. 633 [124 P. 235]; *Rubio Cañon etc. Assn.* v. *Everett, supra*; *Powers* v. *Perry, supra.*)

It was admitted that when appellants inspected the tract just prior to the purchase of it, it had a chicken yard

lying adjacent to the south boundary of the Benson tract; that in the north portion of the chicken yard and somewhere between 9 and 15 feet from the Benson boundary line there was a standpipe with a valve on the north side thereof; that a pipeline led from this valve northerly across the Benson tract to the Johnson tract; that the pipeline was buried, but that about three or four inches of it were visible; that there was a depression several inches deep in the ground above the pipeline leading in the direction of the Benson tract. There were two standpipes rising from the pipeline on the Benson tract, both visible from the Cella tract, the nearest to it being about 300 feet distant. The Benson tract is about 1,000 feet wide and in the spring is covered with grass.

There was evidence to the effect that at least one of the appellants knew of the existence of the standpipe in the chicken yard and that a shut-off valve connected it with the pipeline leading in the direction of the Johnson tract; that appellants knew that the source of water for that pipeline was a spring on the Cella tract; that they saw the pipeline leading off through the Benson tract to the Johnson tract but would not take the trouble ''to see where the water went.'' There was also evidence showing they knew there was no public utility water available in the area and that some of their neighbors drew water from springs on the land of other owners.

Some of these facts were denied by appellants but this did nothing more than raise a conflict in the evidence to be resolved by the trier of facts.

There was abundant evidence to support the finding of constructive notice.

Appellants do not contend that there was error in awarding $500 in damages if the easement existed in favor of respondents.

The judgment and the order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.