[Civ. No. 18688. First Dist., Div. One. June 27, 1960.]

COUNTY OF CONTRA COSTA, Appellant, v. CENTRAL CONTRA COSTA SANITARY DISTRICT, Respondent.

Charles L. Hemmings, Chief Civil Deputy District Attorney, for Appellant.

John A. Bohn and Charles J. Williams for Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment denying its prayer for reimbursement of cost of relocating and reconstructing a portion of defendant's sanitary sewer facility.

## QUESTION PRESENTED

Priority of defendant's sewer line over plaintiff county's bridge and Contra Costa County Flood Control and Water Conservation District's easement for drainage.

## RECORD

The developers of a subdivision in Contra Costa County known as Gregory Gardens constructed in 1950 a sewer line in Grayson Creek and in the fall of that year defendant sanitary district accepted it. In June, 1951, said developers recorded maps of Gregory Gardens Unit Number 5 and Unit Number 7. By these maps Harriet Drive, which crosses Grayson Creek, was offered to the county as a street. The offer was accepted by the board of supervisors and the Harriet Drive Bridge was constructed over the creek and the sanitary district's sewer. The two units are separated by the center line of Grayson Creek. The 20-foot strip of each unit respectively adjoining said center is marked on the map ''drainage reserve.'' In 1957 the flood control district planned the deepening of Grayson Creek which necessitated the relocation of the sanitary district's sewer line at the bridge. At the request of the flood control district, the county relocated the sewer line and the

bridge.[1] The cost of the sewer line restoration was $12,023.90. The county brought this action against the sanitary district for reimbursement of that amount.

## Sanitary District's Prior Right

Although plaintiff attempts to make a very complicated situation out of the case, it actually is a very simple one. It is merely a situation in which the sanitary district's right and easement to use Grayson Creek for its sewer line was prior in time to the rights of the two other public bodies and therefore prior in right. Plaintiff's main contention is that because the sanitary district's right was not of record and the county's right of way (in accepting roads offered for dedication on a map, the county accepts only a right of way (see Sts. & Hy. Code, § 905)) appears on the maps, and the maps show strips marked "drainage reserve," these facts give prior rights to the county and the flood control district over the sanitary district's prior right, of which it is conceded both the county and the flood control district had full knowledge before they acquired whatever rights the maps gave them. As stated above, the situation is a simple one. The developers who owned the land built the sewer. They then transferred the sewer to the sanitary district which accepted it and maintained it thereafter. The fact that apparently no formal easement was granted does not affect the right of the sanitary district to maintain the sewer line as against subsequently acquired rights which, as here, were acquired with knowledge of the existence of the sewer line. (The court so found.) The county's right of way, and the flood control district's rights arising from the words "drainage reserve" on the map, are subject to the right of the sanitary district to maintain its sewer line, because the former's rights were acquired with knowledge of the sanitary district's rights and subsequently thereto. See *Johnson* v. *Cella* (1953), 122 Cal.App.2d 72 [264 P.2d 98], where the plaintiffs without an easement of record were maintaining a water pipeline across property later purchased by the defendants with knowledge of the existence of

[1] At oral argument the county's counsel frankly admitted that one of the reasons for the county relocating the sewer line which admittedly was done for the flood control district's benefit alone (and the court so found) was that it was believed that if the flood control district did the work, section 63-5, subdivision 13, West's Water Code—Appendix, would bar it from seeking reimbursement from the sanitary district, but that the county could require reimbursement.

the line. The court held that the defendants therefore took title subject to the plaintiff's easement by implication.

Section 6518, Health and Safety Code, which plaintiff claims has some application to this case, does not apply. It deals with the requirement that a sanitary district laying its sewers in a public street must restore the street to proper condition, under the supervision of the county engineer or road commissioner, at the cost of the district. Here, the sewer was laid before the area became a street, and now, for the benefit of a flood control district there has to be a change in the location of the line.

Plaintiff also would apply here cases like *Southern Cal. Gas Co.* v. *City of Los Angeles,* 50 Cal.2d 713 [329 P.2d 289], and *Los Angeles County Flood Control Dist.* v. *Southern Calif. Edison Co.,* 51 Cal.2d 331 [333 P.2d 1], which hold that where there is a relocation of a highway or flood control structures which necessitates a relocation of public utilities facilities, the cost of such relocation must be borne by the latter.[2] Obviously a sanitary district bears no resemblance to a privately owned public utility. It is a public corporation organized under the provisions of the Sanitary District Act of 1923 (Health & Saf. Code, § 6400 et seq.) Moreover, the sanitary district's right to a sewer line in the street is due, first, to the fact that it was there when the county acquired the street, and secondly, to the rights given by section 6518, Health and Safety Code. A privately owned public utility, on the other hand, derives its right to streets under franchises which require it to move its facilities whenever required by the authorities at its own expense.

 As said by the Honorable Wakefield Taylor in his memorandum of decision, the sanitary district's right to maintain its sewer line "is a species of real property and neither the Flood Control District nor the County Board of Supervisors acting on behalf of said District and for its purposes has any right to appropriate or interfere with property already dedicated to a public use, without legal process and the payment of just compensation. The cost of relocation should not be borne by the taxpayers of the County generally nor by the taxpayers of the Sanitary District, but rather by

---

[2]Section 680, Streets and Highways Code, requires that a franchise holder must at its own expense relocate its facilities which are in a state's highway, when necessary for the improvement of such highway. There is no such requirement as to facilities of governmental bodies such as districts, etc.

the people resident within the Flood Control zone benefited by the improvement.''

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied July 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied August 24, 1960. Peters, J., did not participate therein.