FILED

MAY 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

C&C PROPERTIES, INC., a California corporation; et al.,

                Plaintiffs-Appellees,

   v.

ALON BAKERSFIELD PROPERTY, INC.; PARAMOUNT PETROLEUM CORPORATION,

                Defendants-Appellants,

 and

SHELL PIPELINE COMPANY, a Delaware limited partnership; et al.,

                Defendants.

No.    19-17463

D.C. No.
1:14-cv-01889-DAD-JLT
Eastern District of California, Fresno

ORDER

C&C PROPERTIES, INC., a California corporation; et al.,

                Plaintiffs-Appellees,

   v.

SHELL PIPELINE COMPANY, a Delaware limited partnership,

                Defendant-Appellant,

 and

No.    19-17464

D.C. No.
1:14-cv-01889-DAD-JLT

ALON BAKERSFIELD PROPERTY, INC.;
et al.,

                      Defendants.

---

C&C PROPERTIES, INC., a California
corporation; et al.,

                      Plaintiffs-Appellants,

  v.

SHELL PIPELINE COMPANY, a Delaware
limited partnership; et al.,

                      Defendants-Appellees,

 and

EOTT ENERGY OPERATING LIMITED
PARTNERSHIP, a Delaware limited
partnership; et al.,

                      Defendants.

No.    19-17601

D.C. No.
1:14-cv-01889-DAD-JLT

Before:  McKEOWN and NGUYEN, Circuit Judges, and HUCK,[*] District Judge.

The memorandum disposition filed on April 11, 2023 is amended as follows:

On page 5, at the end of the final paragraph of section (1), after <jury instruction 16 on bona fide purchasers.> insert <We also affirm the district court's denial of Shell's motion for judgment as a matter of law on C&C's claim of entitlement to

---

[*]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

2

bona fide purchaser status.>.

With this amendment, the concurrent petitions for panel rehearing are DENIED. No further petitions for rehearing will be accepted.

FILED

MAY 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

C&C PROPERTIES, INC., a California corporation; et al.,

    Plaintiffs-Appellees,

 v.

ALON BAKERSFIELD PROPERTY, INC.; PARAMOUNT PETROLEUM CORPORATION,

    Defendants-Appellants,

 and

SHELL PIPELINE COMPANY, a Delaware limited partnership; et al.,

    Defendants.

No. 19-17463

D.C. No.
1:14-cv-01889-DAD-JLT

AMENDED MEMORANDUM[*]

C&C PROPERTIES, INC., a California corporation; et al.,

    Plaintiffs-Appellees,

 v.

SHELL PIPELINE COMPANY, a Delaware limited partnership,

No. 19-17464

D.C. No.
1:14-cv-01889-DAD-JLT

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

ALON BAKERSFIELD PROPERTY, INC.;
et al.,

Defendants.

C&C PROPERTIES, INC., a California
corporation; et al.,

Plaintiffs-Appellants,

v.

SHELL PIPELINE COMPANY, a Delaware
limited partnership; et al.,

Defendants-Appellees,

and

EOTT ENERGY OPERATING LIMITED
PARTNERSHIP, a Delaware limited
partnership; et al.,

Defendants.

No.   19-17601

D.C. No.
1:14-cv-01889-DAD-JLT

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted July 28, 2021
Submission Vacated August 2, 2021
Resubmitted April 11, 2023
San Francisco, California

2

Before:  McKEOWN and NGUYEN, Circuit Judges, and HUCK,[**] District Judge.

This case arises from several underground oil and gas pipelines and corresponding easements that ran through a parcel of land in Bakersfield, California.  C&C Properties, Inc., JEC Panama, LLC, and Wings Way, LLC (collectively, "C&C") purchased the property in 2013, with plans to subdivide the land for lease or sale to logistics companies.  After purchase, C&C brought claims of trespass, and in the alternative breach of the easement agreements, in connection with two pipelines along the southern frontage of the property, one owned by Shell Pipeline Company ("Shell") and the other by Alon Bakersfield Property, Inc. and Paramount Petroleum Corporation (collectively, "Alon").

The case proceeded to a ten-day trial, and the jury returned multimillion dollar verdicts against both Defendants on the trespass claim.  The parties cross-appealed the district court's disposition of several post-trial motions, and we heard argument in July 2021.  After a limited jurisdictional remand, the district court confirmed what the record on appeal did not: each Plaintiff holds diverse citizenship from each Defendant.  *See* 28 U.S.C. § 1332; *see also Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019).  We thus turn to the

---

[**]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

3

merits of this appeal.

This court has jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM in part, REVERSE in part, and VACATE AND REMAND in part.

1. The district court did not err in allowing jury instruction 16 on bona fide purchasers. We review de novo whether a district court's jury instructions accurately state the law, and we review the district court's formulation of jury instructions for an abuse of discretion. *See Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001). Overall, the instruction fairly stated the law, *Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017), and referenced the critical issue in this case—whether C&C discharged its duty to inquire with "due care," given its awareness of the pipelines.

Shell could have suggested an alternate instruction emphasizing the duty to inquire, but it did not. Instead, Shell argued that notice of a pipeline is tantamount to notice of an easement. The district court correctly rejected that instruction. Although a bona fide purchaser's claim will often be defeated by proof that the purchaser knew of a third party's use of the property, that is not always so. *See, e.g.*, *Pollard v. Rebman*, 124 P. 235, 237 (Cal. 1912) ("It cannot be said as matter of law that this gate *alone* was sufficient to give notice [of the easement] . . . or that it was sufficient to put an intending purchaser on inquiry." (emphasis added)); *Johnson v. Cella*, 264 P.2d 98, 100 (Cal. Dist. Ct. App. 1953) (upholding finding

4

of constructive notice of rights where appellants knew of existence of buried pipes but failed to investigate and "would not take the trouble to see where [they] went" (cleaned up)); *Rubio Cañon Land & Water Ass'n v. Everett*, 96 P. 811, 814 (Cal. 1908) (holding bona fide purchaser claim could be refuted by showing buyer had "knowledge of facts and circumstances" to put a "prudent man" on inquiry notice *and* showing "by prosecuting such inquiry he might have learned of the existence thereof").

And even with the final instruction, Shell could have focused the jury on the duty to inquire.  It did not.  In sum, given the fact that the final instruction referenced C&C's duty to inquire with due care, and the fact that this case was not argued at trial as a duty of inquiry case, the district court did not err in allowing jury instruction 16 on bona fide purchasers.  We also affirm the district court's denial of Shell's motion for judgment as a matter of law on C&C's claim of entitlement to bona fide purchaser status.

2.      At the time C&C purchased the property, Shell had a valid and enforceable easement explicitly permitting it to use the property, and Shell did not know the property had been sold.  Accordingly, the district court erred when it allowed C&C to seek trespass damages retroactive to the date C&C acquired title. This was a purely legal issue raised in Shell's post-verdict motion for judgment as a matter of law or for a new trial, and whether we review de novo, *Cochran v. City*

5

*of Los Angeles*, 222 F.3d 1195, 1199 (9th Cir. 2000), or for abuse of discretion,

*Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017), the result is the

same.[1]

C&C failed to cite any case awarding trespass damages retroactive to the

date of a bona fide purchase.  The case upon which the district court and C&C

principally rely, *Pettis v. General Telephone Co. of California*, 426 P.2d 884 (Cal.

1967), arose in the particular context of inverse condemnation, and it did not stand

for the proposition that liability is incurred as of the date of a bona fide purchase.

The California Supreme Court's reference to a "remedy" and "damages" could

equally have applied to damages accruing after the judgment that the purchase was

bona fide, for instance if the public utility had to continue to use utility lines on the

property.  *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 63 Cal. Rptr. 3d

165, 170–71 (Cal. Ct. App. 2007), similarly, states simply that a trespass action

accrues at the time of the entry (which is, by definition, an unlawful entry), but that

does not resolve *when* the entry is deemed unlawful.

---

[1] We reject C&C's waiver argument because there is no requirement that all questions of law at trial must be raised in a Rule 50(a) motion.  Although a defendant must raise sufficiency of the evidence challenges pre-verdict and renew them post-verdict, that rule involves factual disputes and mostly exists to protect Seventh Amendment rights.  With pure questions of law, there is no danger of "impermissible reexamination of facts found by the jury." *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).  In any event, C&C's objections to Shell and Alon's post-verdict motions were filed the same day as the hearing on the motions and may themselves be forfeited.

Accordingly, we VACATE the court's order denying the motion for judgment as a matter of law and for a new trial. The record reflects that between June and August 2014, Plaintiffs' attorneys sent letters to Shell and Alon, informing them of C&C's interest and demanding removal and relocation of the pipelines. In C&C's August 5, 2014 letters, C&C demanded removal and relocation within 60 days. Therefore, on remand, the court should revise the judgment to reflect that liability accrued no earlier than October 4, 2014, which is 60 days from the August 5, 2014 demand.

3.      The district court was correct, however, not to revise the "benefits obtained" measure of damages for Shell because of purported flaws in the jury instruction. *See* Cal. Civ. Code § 3334(b)(1). Shell never points to any timely objection to the benefits obtained jury instruction in the record. Indeed, Shell first raised the issue in its Rule 59 motion. The district court reasonably concluded that Shell waived this argument by failing to include it in its answer, and in any event, California law is unsettled on whether mistake is an affirmative defense to the benefits obtained measure of damages. The district court did not abuse its discretion by failing to sua sponte instruct the jury on a doubtful legal proposition that Shell didn't raise until the end of the trial. But the district court should revise the benefits obtained award in accordance with the October 4, 2014 date, as explained above.

4. As to damages, the method of calculating Alon's benefits obtained was deeply flawed. We conclude as a matter of law that C&C failed to advance a method that would reasonably approximate the amount of wrongful gain caused by Alon's trespass. *See Meister v. Mensinger*, 178 Cal. Rptr. 3d 604, 618 (Cal. Ct. App. 2014). Accordingly, the district court erred by failing to modify the judgment.

While *Watson Land Co. v. Shell Oil Co.*, 29 Cal. Rptr. 3d 343, 349–50 (Cal. Ct. App. 2005), *Starrh*, 63 Cal. Rptr. 3d at 180, and *Bailey v. Outdoor Media Group*, 66 Cal. Rptr. 3d 322, 327–28 (Cal. Ct. App. 2007), suggest that § 3334 is to be broadly construed to encompass financial or business benefits, they also require a plaintiff to directly link damages to trespass. We need not decide what method *would* satisfy that requirement, because the method C&C used for Alon was clearly improper. In the absence of a sensible prima facie damages case, Alon was not required to provide an alternate methodology. Accordingly, the district court should have granted Alon's motion to modify the judgment.

5. In contrast, C&C's method for calculating Shell's benefits was sufficiently linked to the advantages of the trespass and supported by an expert report. And Shell stipulated to the admission of the expert report. Thus, the district court reasonably exercised its discretion by declining to modify the award on this ground. After C&C met its initial burden of providing a direct-link

8

damages theory and calculation, Shell could have presented a different view of the benefits obtained, for instance, by arguing its profits were lower and its costs were higher or by presenting information about a smaller segment of pipeline. It failed to do so.

6. The damages awarded against Shell were not unconstitutionally excessive.[2] Ordinarily, it is the category of exemplary damages, imposed not as compensation but to punish and deter, that presents constitutional concerns. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 417–19 (2003). The "benefits obtained" measure does not aim to punish or deter, in the sense of imposing a fine or new cost, but rather aims to "remove any economic incentive" to trespass. *Starrh*, 63 Cal. Rptr. 3d at 179; *see also Bailey*, 66 Cal. Rptr. 3d at 330. The Supreme Court looks favorably upon measures of damages that consider "the profitability to the defendant of the wrongful conduct and the desirability of removing that profit and of having the defendant also sustain a loss. . . [and] the 'financial position' of the defendant," so even a large benefits obtained damage does not, per se, raise excessiveness concerns, assuming the measure includes a direct link or causation requirement to impose a "definite and meaningful

---

[2] Because we conclude that the computation method used for the award against Alon did not satisfy the direct link requirement, it could pose excessiveness problems as well. We need not reach that issue, however, because the award is vacated.

9

constraint" on the discretion of the factfinder. *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21–22 (1991). Jury instruction 25 included such a requirement.

7. The district court erred in granting C&C's request for attorneys' fees. We review the district court's interpretation of state law de novo, *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991), and conclude that C&C's winning trespass claim was not "on a contract," in the sense required by California law, *see* Cal. Civ. Code § 1717(a).

The purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. *Santisas v. Goodin*, 951 P.2d 399, 406 (Cal. 1998). Even though C&C prevailed on the grounds that the easements were "inapplicable, invalid, unenforceable or nonexistent," the pipeline companies would not "have been entitled to attorney's fees had [they] prevailed" on the same claim. *See Hsu v. Abbara*, 891 P.2d 804, 808 (Cal. 1995). Instead, the jury would have proceeded to consider whether there was a breach of contract claim, and whichever party prevailed on *that* claim would have obtained fees. Accordingly, we REVERSE the attorneys' fees award.

8. We AFFIRM the district court's rulings on the issues presented in C&C's cross-appeal. On consequential damages, the district court acted well within its discretion in striking the award given the jury's "highly unusual" progression, which contravened the jury instructions. *389 Orange St. Partners v.*

10

*Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  Similarly, the district court's denial of prejudgment interest was reasonable, because of the great discrepancy between the amount of damages initially requested and the amount awarded by the jury. *Watson Bowman Acme Corp. v. RGW Constr., Inc.*, 206 Cal. Rptr. 3d 281, 293–94 (Cal. Ct. App. 2016) (recovery closely approximating plaintiffs' claims is an indicator that prejudgment interest is warranted).

**AFFIRMED in part; REVERSED in part; and VACATED AND REMANDED in part.**

Each party shall bear its own costs on appeal.