[No. 13150.    Department Two. — February 1, 1890.]

## HESPERIA LAND AND WATER COMPANY, APPELLANT, v. SAMUEL ROGERS, RESPONDENT.

EASEMENT — DITCH — PRESCRIPTION — ADVERSE USER — CONTINUITY. — The continuity of adverse user required to give a presumptive right to an easement depends upon the nature and character of the right claimed. An omission to use the easement when not needed does not disprove or break the continuity of user shown by using it when needed. The claimant of an irrigating ditch, constructed by him over the land of another, may prove a prescriptive right thereto by showing the use of water therein for irrigation when needed during the cropping season for the period of five years.

ID. — TAXES — ASSESSMENT OF LAND — EVIDENCE. — If it does not appear that an easement in the use of a ditch over the land of another, to which a prescriptive right is claimed by adverse user, has ever been assessed for taxes, the assessment-book, showing an assessment of the land over which the ditch runs, is not admissible against the claimant of the easement.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*R. M. Widney*, and *H. C. Rolfe*, for Appellant.

*Elmer E. Rowell*, for Respondent.

THORNTON, J. — Action to quiet title to a parcel of land situate in the county of San Bernardino. Defendant had judgment. Plaintiff moved for a new trial. His motion was denied, and he appeals from the judgment and order denying his motion.

The controversy turned on the adverse user of defendant, for more than five years, of an irrigating ditch, constructed by him over plaintiff's land.

The adverse user is made out by defendant, unless the contention of plaintiff that it was not continuous is maintainable.

And it is urged that the user by defendant was not continuous, for the reason that defendant only ran the

water in the ditch every year during the cropping season and when he needed it.

The correct rule as to continuity of user, to give a presumptive right to an easement, and what shall constitute such continuity, can be stated only with reference to the nature and character of the right claimed. The right is not abandoned to the use of a ditch to convey water for purposes of irrigation because water does not flow in it every day in the year. The party claimant does not need the ditch every day in the year, and the law does not require him, to constitute continuity of use, to use the water when he does not need it. If he has used the ditch at such times as he needed it, it is regarded by the law as a continuous use. If a right of way over another's land has been used for more than five years, it is not necessary, to make good such use, that the claimant has used it every day. He uses it every day, or once in every week, or twice a month, as his needs require. He is not required to go over it when he does not need it, to make his use of the way continuous. The claimant is required to make such reasonable use of the way as his needs require. So it is of the ditch. If, whenever the claimant needs it from time to time, he makes use of it, this is a continuous use. An omission to use when not needed does not disprove a continuity of use, shown by using it when needed. (*Bodfish* v. *Bodfish*, 105 Miss. 619.) Neither such intermission nor omission breaks the continuity.

It does not appear that the defendant's easement in the use of the ditch has ever been assessed for taxes, and the court did not err in excluding the assessment-book, showing an assessment of plaintiff's land for taxes over which the ditch ran.

There is no error.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.