[Civ. No. 216.    Second Appellate District.—June 9, 1906.)

A. P. COLLINS, Respondent, v. C. R. GRAY, Appellant.

WATER RIGHT—INJUNCTION—EXTENT OF EASEMENT IN PIPE-LINE—AD-
VERSE USER—CONSTRUCTION OF FINDINGS.—Where a complaint to
enjoin defendant from interfering with a pipe-line and water car-
ried thereto for irrigation on plaintiff's land alleged facts showing
the right of plaintiff to carry through the pipe-line forty inches of
water for four days each month during the irrigating season, and
the court found a customary use to that extent, and also found an
adverse use of the water necessary for irrigation of plaintiff's lands
for five years, the findings are to be read together, and sufficiently
establish an easement and ownership in plaintiff to the extent
claimed.

ID.—CERTAINTY OF FINDINGS—"MINER'S INCHES"—MAXIM—CUSTOM-
ARY MEASUREMENT OF WATER.—The findings are not uncertain be-
cause the "forty inches" of water are not specified as "miner's
inches." That is certain which can be made certain, and if any
particular kind of water measurement has been in use in that local-
ity, such customary measurement would apply in determining the
extent of plaintiff's ownership in the carrying capacity of the pipe-
line.

ID—FINDING OF CONTINUOUS USE.—A finding that for more than five
years plaintiff and others used the same as often as required for ir-
rigating purposes is a sufficient finding as to continuous use, having
the character of the use in view; and a finding that for more than
five years the use by plaintiff was uninterrupted comprehends a con-
tinuous use to the extent required.

ID.—AMENDED COMPLAINT—PRESUMPTION—FINDING OF ADVERSE USER—
RELATION TO COMMENCEMENT OF ACTION.—An amended complaint
falls into the place of the old complaint, and performs the same
functions; and, in the absence of a showing to the contrary, it will
be presumed in favor of the findings and judgment that the original
complaint presented the same issues and claim of right; and a
finding of adverse user for more than five years will be presumed
to fix the time of the beginning of the adverse user more than five
years before the commencement of the action.

APPEAL from a judgment of the Superior Court of Riv-
erside County. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, for Appellant.

Purington & Adair, and W. A. Purington, for Respondent.

ALLEN, J.—In this action defendant was enjoined from interfering with the pipe-line, or the water carried through the same, used by plaintiff in irrigation; from which judgment defendant appeals.

The second amended complaint, which is the only complaint in the record, avers: 1. Ownership by plaintiff as tenant in common of an undivided two-ninths of a certain described pipe-line having an alleged capacity of one hundred inches of water; 2. Facts which, if true, establish an easement in such pipe-lines to the extent of carrying through the same forty inches of water for four days of each month during the irrigating season, for use on plaintiff's land.

The court found against plaintiff as to the ownership of a definite interest in the pipe-line; but found that plaintiff and his grantors have used such pipe-line openly, notoriously, peaceably, exclusively, uninterruptedly, under a claim of right and title thereto, and adversely to defendant and to the whole world and with defendant's knowledge and acquiescence, for more than five years last past for conveying water to the plaintiff's said premises, sufficient to irrigate the same thoroughly and in a proper manner; that plaintiff and his grantors have used said pipe-line exclusively, as often as required by them for irrigating purposes; that defendant, while the owner of the land upon which such pipe-line is constructed, permitted the same to be constructed over his said land; that in consideration of the defendant's giving a right of way for such pipe-line, the defendant was given the right to use said pipe-line over his said lands; that since its construction defendant has used the same with plaintiff and others for conveying irrigating water therethrough, but with no other property or rights in said pipe-line than the right to use the same to convey therethrough water for irrigating his premises, and for domestic use thereon. That the customary flow of water for plaintiff's premises so used upon plaintiff's lands is forty inches of water for four days in each month during the irrigating season, and that for more than five years last past the customary flow of water upon said premises and through said pipe-line on defendant's land has been forty inches of water for four days of each month during the irrigating season. That such pipe-line has been kept in repair by the users, and not by the defendant.

Appellant contends that the finding of adverse use is not the equivalent of a finding of ownership of an easement. There is, however, a finding that plaintiff has an interest in the pipe-line for the purpose of conveying sufficient water for irrigation, etc. The extent of this interest is found. Reading the findings together, they are sufficient as finding an easement and the ownership thereof in plaintiff to the extent claimed. The finding of defendant's interest disposes of his contention that he is the absolute owner of the pipe-line as a part of his real estate.

It is next contended that the findings are uncertain and indefinite, in that it nowhere appears that plaintiff has used the pipe-line for carrying any specific quantity of water. It is found that plaintiff has for more than five years exercised the right of carrying through said pipe-line the water necessary for irrigating his lands, and, further, that the customary flow for such purpose has been forty inches of water for four days of each month during the irrigating season. But it is insisted that the finding of forty inches is indefinite, in that the inch of water is not characterized as a "miner's inch," or any other particular standard of measurement. If we assume that the word "inch" would apply to either a miner's inch or some other standard of measurement with equal force, yet to the extent of the water actually used the right is established. That is certain which can be made certain; and if any particular kind of water measurement has been in use in that locality, such customary measurement would apply in a determination of the extent of plaintiff's ownership in the carrying capacity of the pipe-line.

Appellant further contends that there is no finding of continuous use. There is a finding that for more than five years plaintiff and others used the same as often as required by them for irrigating purposes. This is a sufficient finding as to continuous use, having the character of use in view. (*Hesperia Land etc. Co.* v. *Rogers*, 83 Cal. 10, [17 Am. St. Rep. 209, 23 Pac. 196].) In addition, the court finds that for more than five years the use by plaintiff was uninterrupted, which of itself comprehends a continuous use to the extent required. The use of the pipe-line under a claim of right by plaintiff, with others, would ripen into a permanent and several right to use, just as several parties can use and acquire

rights in a private road.   (*Abbott* v. *Pond*, 142 Cal. 396, [76 Pac. 60].)

It is finally insisted that the finding that plaintiff has used the pipe-line adversely for more than five years is not the equivalent of a finding that such use was for five years preceding the commencement of the action.   The case was heard upon a second amended complaint.   An amended complaint falls into the place of the old complaint and performs the same functions.   (*Barber* v. *Reynolds*, 33 Cal. 501.)   The commencement of the action dates from the filing of the original complaint, and there is no change in the identity of the cause of action.   (*Easton* v. *O'Reilly*, 63 Cal. 308.)   The only purpose of the findings is to answer the questions put by the pleadings.   (*Dam* v. *Zink*, 112 Cal. 93, [44 Pac. 331].) Nothing to the contrary appearing, it will be presumed in support of the findings and judgment that the original complaint presented the same issues and claims of right as the amended complaint, and that the findings answer the questions put in said original complaint and fix the time of the commencement of the adverse use more than five years before the commencement of the action.   In this way only could the findings answer the questions presented by the complaint.

We find no error in the record, and the judgment is affirmed.

Smith, J., and Gray, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 9, 1906, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on August 6, 1906.