[Civ. No. 3148. First Appellate District, Division Two.—December 22, 1919.]

EFFIE HAZEL DILLON, Respondent, v. GEORGE C. DILLON, Appellant.

[1] JURISDICTION—ACTION FOR DIVORCE—RESIDENCE—PRESUMPTION.— Where the appeal from an interlocutory decree of divorce is on the judgment-roll alone, it must be presumed that there was ample evidence of residence within the state for a period of one year before the commencement of the action.

[2] ID.—AMENDED COMPLAINT—RELATION BACK TO COMMENCEMENT OF ACTION.—An amended complaint in an action for divorce, in which it is alleged that "the plaintiff has been a resident of the state of California for more than one year last past," will relate back to the commencement of the action.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. R. Law for Appellant.

E. A. Klein for Respondent.

BRITTAIN, J.—The defendant, George C. Dillon, appeals from an interlocutory decree of divorce.

From the transcript it appears the original complaint was filed February 21, 1917. An amended complaint, on which the case went to trial, was filed June 13, 1917. After general demurrer overruled the case was tried, and the court found that all the allegations contained in the first count of plaintiff's amended complaint were true. The appeal is on the judgment-roll alone. In the amended complaint it was alleged "the plaintiff has been a resident of the state of California for more than one year last past and of the county of Kern for more than three months next preceding the commencement of this action."

The appellant contends the quoted allegation does not show the plaintiff had been a resident of the state of California one year prior to the filing or commencement of the action. (Civ. Code, sec. 128.) Further, that the findings that the allegations of the amended complaint were true do not cure the claimed defect. After the appellant's demurrer to the amended complaint was overruled, he failed to answer. His default was entered and he did not appear at the trial. The allegations of the complaint, which were found to be true, disclosed an ingenious cruelty on the part of the husband not surpassed in the Middle Ages nor equaled in the harems of the time of the Caliph Haroun al Raschid.

[1] It is elementary that the first question which must be determined by the trial court in every case is that of jurisdiction. (*Clary* v. *Hoagland,* 6 Cal. 685.) In the absence of all evidence and under the rule that all intendments are in favor of the action of the superior court, it must be presumed that there was ample evidence of residence within the state for a period of one year before the commencement of the action to support the judgment. The appellant relies on the rule that the fact of residence for the statutory period must be alleged. (*Flynn* v. *Flynn,* 171 Cal. 746, [154 Pac. 837].)

[2] The appellant contends that since the action was commenced in February, 1917, and the amended complaint was not filed until four months later, the allegation of residence within the state for "one year last past" is an allegation only of residence within the state for eight months prior to the filing of the amended complaint. The amended complaint ordinarily relates back to the commencement of the action. (*Collins* v. *Gray,* 3 Cal. App. 723, [86 Pac. 983].) This rule is applied in cases where the statute of limitations is involved, unless it appears that a new or different cause of action is presented by the amended complaint.

The respondent maintains that in the quoted allegation the words "last past" may be disregarded as surplusage, in which event the allegation would meet the most carping criticism. If the allegation was in any way ambiguous or uncertain, the defect might have been reached by a special demurrer. If the jurisdictional fact of residence did not exist, the defendant might have defended the action under an answer putting in issue only the jurisdictional question of residence. It is inconceivable that any man sufficiently interested in such an action to employ counsel to represent him and to appear for the purpose of demurring and prosecuting an appeal could have refrained from answering if he could have shown any facts to defeat a suit in which the charges against him were such as the court in this case found to be true.

The appeal does not appear to have been taken in good faith. The judgment is affirmed, and it is adjudged that respondent recover from the appellant one hundred dollars for taking the frivolous appeal.

Langdon, P. J., and Nourse, J., concurred.