[Sac. No. 3493. In Bank.—August 14, 1925.]

EFFA MAY SCOTT, Executrix, etc., et al., Respondents,
v. JOHN HENRY, Appellant.

[1] Easements—Use and Maintenance of Water Ditch—Injunction—Deeds—Evidence.—In an action to enjoin the defendant from interfering with the plaintiffs' alleged right to maintain and use a water ditch upon and across defendant's land, deeds from defendant's predecessor to plaintiffs, although not describing the land subsequently conveyed to defendant by said predecessor, were admissible in connection with the predecessor's testimony to the effect that he intended by such deeds to give to the plaintiffs the right to an easement to maintain and use said ditch upon and over the land acquired by defendant which he then did own and not upon and over other and distant lands which he did not own, and that the erroneous descriptions in said deeds were due to the mutual mistake of the parties.

[2] Id.—Recordation—Notice—Prescription.—Since the deeds from defendant's predecessor to plaintiffs by which the former intended to grant an easement for a ditch over the land in question embraced descriptions of other lands than that of which defendant subsequently became the owner by purchase from said predecessor, their recordation imparted no notice to defendant of plaintiff's alleged right to such easement as to aid the latters' claim of title by prescription.

[3] Id.—Equitable Title to Easement—Acquisition by Parol—Evidence.—The equitable title to an easement for a water ditch may be acquired by parol, where the owner of the servient tenement not only made and delivered to the grantees deeds by which he intended to invest them with title to the easement, but also went with them upon the land and there undertook to orally invest them with the right of said ditch, and pursuant thereto the grantees did each immediately enter into the use and enjoyment of said easement by turning the waters to which they were entitled from other sources into the same, and by extending the actual ditch then in being over a portion of its route up to and over their own lands.

[4] Id.—Title—Prescription—Evidence.—In such action, title to such easement by prescription was established in plaintiffs, where it was sufficiently shown that they, and each of them, began the use and extension of the ditch immediately after the making and

2. See 22 *Cal. Jur.* 616.
3. See 9 *Cal. Jur.* 948; 9 R. C. L. 745.
4. See 1 *Cal. Jur.* 592 et seq.; 9 R. C. L. 771.

delivery of the deeds to them embracing the erroneous descriptions and the oral investiture by the grantor in said deeds of the right to the use, extension, and enjoyment thereafter of said easement; and that such use and enjoyment thereof had been from that time forth for more than five years open, notorious, continuous, peaceable, and uninterrupted under a claim of right.

[5] ID.—CONTINUATION OF USE—EVIDENCE.—In such action, continuance of use of such ditch by plaintiffs was sufficiently established, where it was shown that plaintiffs ran water in said ditch for irrigation purposes whenever and as often as irrigation was necessary during a period embracing more than five years, and that they ran such water through said ditch at will and without interruption during said period.

[6] ID.—UNINTERRUPTED USE—FINDING—EVIDENCE—APPEAL.—In such action, the finding in favor of plaintiffs as to uninterrupted use of the ditch in question, being based on conflicting evidence, will not be disturbed on appeal.

[7] ID.—NOTICE—PRESCRIPTION.—In such action, where the evidence showed that at the date of the defendant's acquisition of the title to the land over which the ditch ran and for several months prior to such acquisition, the ditch was plainly visible and in use by the plaintiffs upon and across said land, such fact would suffice to put defendant upon such an inquiry as to a possible adverse user as would lead him to an actual knowledge of the rights of those apparently exercising an easement over his land.

---

(1) 40 Cyc., p. 734, n. 31.   (2) ·40 Cyc. p. 734, n. 31.   (3) 40 Cyc., p. 734, n. 32.   (4) 19 C. J., p. 964, n. 34.   (5) 19 C. J., p. 965, n. 43.   (6) 4 C. J., p. 883, n. 33.   (7) 19 C. J., p. 964, n. 38.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. Scott Jacobs for Appellant.

John G. Covert for Respondents.

RICHARDS, J.—This appeal is from a judgment in the plaintiffs' favor in an action brought to enjoin the defendant from interfering with the plaintiffs' alleged right to maintain and use a water ditch upon and across the defend-

---

5.   See 1 Cal. Jur. 551.
7.   See 25 Cal. Jur. 843; 27 R. C. L. 729.

ant's land. The plaintiffs, in their second amended complaint, based their claim of right to maintain and use said ditch in common with each other and with the defendant upon their ownership of an easement alleged to have been acquired by plaintiffs from the predecessor of the defendant in the ownership of the servient tenement, and also by prescription. The defendant in his answer denied each of these sources of title in the plaintiffs and upon the issues thus joined the cause went to trial. The trial court made its findings of fact in plaintiffs' favor, wherein it found that the plaintiffs had acquired their ownership in said easement before the defendant became the owner of the land; and also found that the plaintiffs had acquired a prescriptive right to said easement by open, peaceable, continuous, uninterrupted, and adverse maintenance and use of said ditch for a period of more than five years prior to a date antedating the commencement of the action. From the judgment based upon these findings the defendant prosecutes this appeal.

The first contention of the appellant is that the deeds by which the plaintiffs purported to have acquired their rights to construct, maintain, and use said ditch from one Papalian, the grantor of the servient tenement to the defendant, were nullities, for the reason that in neither of said deeds were the lands subsequently conveyed by Papalian to the defendant correctly or at all described. The error in description in one of these deeds consisted in describing the lands of the servient tenement as situated in the *northeast* instead of the *northwest* quarter of the government section in which the lands of the defendant are in fact located; and in the other deed consisted in locating said lands in the wrong township altogether and in a section six miles east of the defendant's said location. When the plaintiffs offered these deeds in evidence respectively the defendant objected to their introduction as muniments of title to the easement in question, whereupon the plaintiffs conceded, and the court ruled, that as such they were not admissible. [1] They were then offered by the plaintiffs in connection with the testimony of Papalian, the grantor therein, to the effect that he intended by these conveyances to give to the plaintiffs the right to said easement upon and over the particular land in question which he then did own and not upon and

over other and distant lands which he did not own, and that the erroneous descriptions in said deeds were due to the mutual mistake of the parties. These deeds were admitted solely for that limited purpose and in aid of the plaintiffs' offered proof of an executed parol grant of said easement which had become effectual by its exercise while Papalian was still the owner of the land. The appellant has produced no authority to the effect that the admission of said conveyances for such limited purpose was error, nor do we think it was so. [2] The main contention of the appellant with regard to the admission of these conveyances is that since they embraced descriptions of other lands than that of which he subsequently became the owner by purchase from Papalian, their recordation imparted no notice to him of the plaintiffs' alleged right to this easement so as to aid the latters' claim of title by prescription. As to that contention the defendant is doubtless correct. That he is so is, however, of little aid to him upon this appeal since the plaintiffs' claim of title by prescription does not depend for its inception upon these deeds nor upon notice imparted by the making or recordation thereof, but, as we shall presently see, upon evidence of actual and visible occupation and use of the water ditch upon and over the land at the time of the defendant's purchase thereof and thereafter for the time required to perfect such prescriptive right. Before dealing with this phase of the appeal, however, we should consider the asserted right of the plaintiffs to this easement based upon an executed oral grant from the then owner of the land, Papalian. As to the facts attending this oral grant the evidence in the case is uncontradicted and is all one way. The plaintiffs, Papalian and other witnesses concur in testifying that in the early part of the year 1913 Papalian, the then owner of the servient tenement, not only made, executed, and delivered to the plaintiffs the deeds respectively by which he intended to invest them, and each of them, with the title to this easement, but also went with them upon the land and there undertook to orally invest them with the right of said ditch; and that pursuant thereto the plaintiffs did each immediately enter into the use and enjoyment of said easement by turning the waters to which they were entitled from other sources into the same, and by extending the actual ditch then in being over a portion

of its route up to and over their own lands. It was upon this uncontradicted evidence that the trial court based its findings that the plaintiffs had become the owners of such easement prior to the date of the defendant's purchase of said land. [3] That the equitable title to such an easement may be thus acquired by parol, see *Rubio-Cañon etc.* v. *Everett,* 154 Cal. 29 [96 Pac. 811]. [4] The only form of attack which the defendant makes upon this finding lies in his contention that standing alone it would be insufficiently supported to sustain the judgment and, hence, would not suffice to do so except upon a sufficient showing of facts proving a prescriptive right, predicated upon such original investiture, and that as to such prescriptive right the evidence is not sufficient to sustain the plaintiffs' claim of title gained thereby. Upon this phase of the case it must be said, however, that the evidence is sharply conflicting. The testimony of the plaintiffs and their witnesses was, if believed, sufficient to show that they, and each of them, began the use and extension of said ditch immediately after the making and delivery of the Papalian deeds to them embracing the erroneous descriptions and the oral investiture by the grantor in said deeds of the right to the use, extension and enjoyment thereafter of said easement; and that such use and enjoyment thereof had been from that time forth for more than five years open, notorious, continuous, peaceable, and uninterrupted under a claim of right up to the date in the year 1918 when, for the first time, the defendant manifested an unmistakable intention to interfere with and prevent such use. [5] It is true that this evidence shows that the actual use of said ditch for the purpose of conveying the plaintiffs' water to their lands was not continuous in the sense that it was constant, the evidence being that the plaintiffs ran water in said ditch for irrigation purposes whenever and as often as irrigation was necessary during the period from February, 1913, until April, 1918, and that they ran such water through said ditch at will and without interruption during said period. This would be sufficient to establish continuance of use. (*Hesperia Land Co.* v. *Rogers,* 83 Cal. 10 [17 Am. St. Rep. 209, 23 Pac. 196]; *Strong* v. *Baldwin,* 154 Cal. 150 [129 Am. St. Rep. 149, 97 Pac. 178]; *Pollard* v. *Rebman,* 162 Cal. 633 [124 Pac. 235]; *Humphreys* v. *Blasingame,* 104 Cal. 40 [37

Pac. 804]; *Silva* v. *Hawn,* 10 Cal. App. 545 [102 Pac. 952].) [6] It is true, also, that there were occasional interruptions on the part of the defendant with the integrity of said ditch, such as at times plowing across portions of it. but as to these the testimony of the plaintiffs was to the effect that this was done with their concurrence and for the purpose of clearing the lands along the line of the ditch from weeds and that the defendant in each instance, except the final one, restored the lines and bank of the ditch. It is also true that there were occasions at irregular intervals, and mainly in the night-time, when persons unknown to the plaintiffs had placed obstructions in the ditch, causing a diversion of the water, and these were removed by their employees. These obstructions were not such as to frequency or persistence as to manifest a definite purpose on the part of the defendant to so interrupt the plaintiffs' otherwise open, peaceable, and continuous use of said ditch as to prevent the running of the prescriptive period. With respect to these episodes the evidence is in sharp conflict and the finding of the trial court thereon was in the plaintiffs' favor. Such findings will not be disturbed upon appeal.

The final contention of the appellant is that the plaintiffs' use and occupation of said ditch was not such, nor under such claim of right, as to put him upon notice of its adverse character at the time he purchased said land from Papalian; and, hence, that he then, and within the five-year period of prescription, became a purchaser in good faith and for value without notice, and that the plaintiffs' occupancy and use of said ditch was not sufficient in point of time thereafter as to perfect their prescriptive right to the easement claimed by them. [7] As to this phase of the case the evidence, however, shows that at the date of the defendant's acquisition of the title to the said land from Papalian and for several months prior thereto the ditch was plainly visible and in use by the plaintiffs upon and across said land. This fact would suffice to put the purchaser of the lands in question upon such an inquiry as to a possible adverse user as would lead him to an actual knowledge of the rights of those apparently exercising an easement over his land. (Civ. Code, sec. 19; *Dreyfus* v. *Hirt,* 82 Cal. 621 [23 Pac. 193]; *Pollard* v. *Rebman, supra; Rubio Cañon etc.* v. *Everett,*

*supra; Myers* v. *Kenyon,* 7 Cal. App. 112 [93 Pac. 888].)
We find no merit, therefore, in the appellant's final contention.

The judgment is affirmed.

Lawlor, J., Myers, C. J., Seawell, J., Lennon, J., Houser, J., *pro tem.,* and Knight, J., *pro tem.,* concurred.