## EDWARDS v. ATCHISON, T. & S. F. R. CO.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1926.)

No. 4812.

**1. Evidence ⬤➡66.**

Plaintiff *held* presumed to have knowledge of open and visible discharge of surface waters through culvert onto his land.

**2. Waters and water courses ⬤➡150.**

Railroad, to prove prescriptive right to discharge surface water through culvert onto land, need not show continuous use; interruption of use by dry season not disproving continuity.

**3. Easements ⬤➡6—It is not essential to adverse user that it result in actual damage.**

It is not essential to adverse user that it result in actual damage, for each act of user before it ripens into right is trespass.

**4. Waters and water courses ⬤➡152(8).**

Evidence *held* to show prescriptive right in railroad to discharge surface waters through culvert onto land.

**5. Nuisance ⬤➡42.**

Buyer of railroad roadbed must have had notice of discharge of water through culvert onto land, and request to remove it, before action can be brought for injury.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action by Frank E. Edwards against the Atchison, Topeka & Santa Fé Railroad Company. From a judgment dismissing the action, plaintiff brings error. Affirmed.

In 1886 the predecessor in interest of the defendant in error, the defendant in the court below, acquired by deed a right of way for a railroad track and its appurtenances, and in 1901 it conveyed the same to the defendant. In 1909 the plaintiff in error, plaintiff below, acquired through mesne conveyances from the grantor of said right of way a 28-acre tract of land lying south of and adjacent thereto. In 1887 the railroad bed along the line of said 28-acre tract was constructed at an elevation of from one to two feet above the natural elevation of the land, and was made impervious to the passage of water except at a point where a culvert was constructed for the diversion of such water as might flow through a ditch which extended along the northerly side of the roadbed, and to aid such diversion a dam or embankment was constructed at the culvert. The plaintiff in his complaint alleged that during the winter of 1913–14 heavy rains occurred whereby large quantities of water were carried to the northly side of said railroad, and, by means of said ditch, dam, and culvert, were diverted and precipitated upon the plaintiff's said 28-acre tract, cutting a great channel therethrough to his damage in the sum of $20,000. In the answer it was alleged that the rainfall so referred to was greatly in excess of any theretofore known, and that the damage to the plaintiff's land was due thereto, and not the negligence of the defendant. The further defense was pleaded that the cause of action was barred by the statute of limitations. A jury trial was waived, and the court upon the evidence found that the culvert, ditch, and dam had been maintained continuously since the year 1887; that between that year and 1910 heavy and unusual rains caused considerable quantities of water to flow through the culvert, causing substantial erosion of the plaintiff's land; that neither the plaintiff nor any of his predecessors in interest at any time notified the defendant or its predecessor in interest to remove the culvert; and that from the year 1887 to the commencement of the action the ditch, dam, and culvert had been openly, notoriously, and continuously used adversely to the plaintiff and his grantors, and that the damage to the plaintiff's land was caused by unusual and extraordinary rainfall and not by negligence of the defendant. As a conclusion of law, the court held that the defendant had acquired the prescriptive right to flow

such water as might fall upon adjoining land draining through its culvert upon the plaintiff's land as a perpetual easement, and that the plaintiff acquired his land subject thereto. The action was accordingly dismissed.

W. H. Wadsworth and Bordwell & Mathews, all of Los Angeles, Cal., for plaintiff in error.

E. W. Camp and Robert Brennan, both of Los Angeles, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1-4] The case is presented in this court on the single contention that there was total absence of evidence sufficient in law to prove a prescriptive right in the defendant to use the plaintiff's land for discharging thereon drainage waters through the culvert; the plaintiff asserting that no prescriptive right begins to run until a right of action accrues, and that no right of action accrues until injury is inflicted. The evidence indicates with reasonable certainty that from the year 1887 until the date of the injury here complained of winter floods caused surface waters to flow along the ditch and through the culvert and upon the land of the plaintiff, and that the flowing of such waters at some time prior to the injury complained of created a depression or small ravine upon the plaintiff's land, but no serious injury thereto. The discharge of surface waters through the culvert was open and visible, and the plaintiff is presumed to have had knowledge of it. Gray v. Cambridge, 189 Mass. 405, 76 N. E. 195, 2 L. R. A. (N. S.) 976; 9 R. C. L. 780. It was not necessary for the defendant to show a continuous use. The interruption of the use by the intervention of a dry season would not disprove continuity. Hesperia Land Co. v. Rogers, 83 Cal. 10, 23 P. 196, 17 Am. St. Rep. 209. It may be conceded, as the plaintiff contends, that, in order to acquire a prescriptive right, there must have been such invasion of the rights of the plaintiff as to give him a right of action, and that a prescriptive right does not commence to run until there is such invasion. But it is not essential to an adverse user that such user has resulted in actual damages (19 C. J. 889), for each act of user before the user ripens into a right is a trespass for which an action may be maintained (2 Wood, Nuisances, 708; Eells v. Chesapeake & O. Ry. Co., 49 W. Va. 65, 38 S. E. 479, 87 Am. St. Rep. 787). "The law implies nominal damages from the invasion of a right, and every use may be deemed

adverse which tends in any degree to impose a servitude or burden upon the estate of another." White v. Chapin, 12 Allen (Mass.) 516, 520. We are not convinced therefore that the evidence was insufficient in law to show a prescriptive right in the defendant.

[5] But there is other ground for sustaining the judgment. It was not until long after the construction of the roadbed, ditch, and culvert and long after surface waters had been accustomed to flow through the culvert and upon the plaintiff's land that the defendant became the owner of the railroad. Applicable to those facts, we think, is the rule that a party, not the original creator of a nuisance, must have notice of it and a request to remove it before any action can be brought against him, and that the mere occurrence of injury to the plaintiff's land without any finding of such knowledge or notice of the existence of the nuisance as to charge the defendant with fault for its continuance is insufficient to create a right of action. Grigsby v. Clear Lake Water Co., 40 Cal. 396, 407; Central Trust Co. v. Wabash St. L. & P. Ry. Co. (C. C.) 57 F. 441; Union Pac. R. Co. v. Campbell, 236 F. 708, 150 C. C. A. 40; Philadelphia R. R. Co. v. Smith, 64 F. 679, 12 C. C. A. 384, 27 L. R. A. 131; Hines v. Woodson (C. C. A.) 280 F. 966; Groff v. Ankenbrandt, 124 Ill. 51, 15 N. E. 40, 7 Am. St. Rep. 342. In the case last cited, the court said: "Where a party comes into possession of land, as grantee or lessee, with an existing nuisance upon such land, and he merely permits the nuisance to remain or continue, he cannot be held liable in an action for damages, until he has been first notified or requested to remove the nuisance."

The judgment is affirmed.