[Civ. No. 3294. Third Appellate District.—July 2, 1927.]

ALFRED G. WILKES et al., Respondents, v. HOWARD
BRADY et al., Appellants.

W. H. Carlin and Lawrence Schillig for Appellants.

A. H. Hewitt, Charles S. Wheeler, Jr., and J. W. Dor-
sey for Respondents.

PLUMMER, J.—This is an equitable action instituted by
the plaintiffs seeking to enjoin the defendants from inter-
fering with the plaintiffs' use and maintenance of a cer-
tain road over and across certain lands belonging to the
defendant Howard Brady. The plaintiffs' right to the use
of said road is based upon an alleged executed parol
grant in the year 1918, when the then owner, Thomas
Brady, in consideration of the exchange of certain graz-
ing privileges on lands belonging to the plaintiffs, granted
to the plaintiffs a right of way across the lands of the said
Thomas Brady, leading from a certain public road to the
lands belonging to the plaintiffs.

The complaint sets forth the ownership of the roadway
belonging to the plaintiffs, the interference of the defend-

ants therewith, and concludes with a prayer that the defendants be enjoined and restrained from in any manner further interfering with either the use or repair of said road.

The record shows that the plaintiffs and defendants were and are the owners of contiguous lands in Sutter County; the plaintiffs and the Field and Tule Gun Club having clubhouses on the lands reached by the right of way herein referred to. In 1918 the plaintiffs and the Field and Tule Gun Club desired to have a road across defendants' lands from the county road to the clubhouse just mentioned and during the month of March, 1918, one Frank W. Stall, on behalf of both clubs, in negotiating with Thomas Brady, offered to exchange the pasturage for that year on the lands belonging to the two clubs for a right of way, the pasturage being valued at the sum of five hundred dollars. This agreement was orally concluded as stated, and thereupon the said Thomas Brady, the then owner of the land, executed a deed for a right of way, as desired by said clubs, and delivered the same to the said Frank W. Stall. This agreement of exchange was, during the month of May, 1918, further ratified by the plaintiffs, on behalf of the club, of which they were members and some modification made with relation to the value of the grazing privileges, and a certain sum of money passed between the said Thomas Brady and the plaintiffs and the Field and Tule Gun Club. Thereafter, and about the month of June, the plaintiffs proceeded to construct a road across the right of way involved in this action and expended in so doing something over the sum of one thousand dollars. For three years after the construction of the road over the right of way and the making of the improvement just referred to the same was used by the plaintiffs and also by the defendant, a gate being maintained thereon for the purpose of preventing egress and ingress of stock. Some time during the year 1922 the defendants locked the gate herein referred to and have attempted to prevent the plaintiffs from using the right of way herein referred to, and otherwise interfering with the use of said right of way by the plaintiffs.

The record shows that the deed referred to as executed by Thomas Brady, conveying the right of way over land

sought by the defendants, did not describe the right of way actually improved and used by the plaintiffs, but described a strip of land situate some distance therefrom. This appears to have occurred by inadvertence in describing the right of way as situate in section 31 instead of in section 30.

The record shows, however, that the actual right of way agreed upon and the lands over which the easement for a right of way was sought was known and understood by the parties; that Thomas Brady, the owner of the land at the time of the making of the agreement herein referred to and the execution of the deed, knew of the location of the right of way and the line along which the road was improved and upon which the expenditures were being made by the two clubs. The court also found that the intended right of way was located on the strip of land described in plaintiffs' complaint. The record further shows that the said Thomas Brady had the benefit of the value of the pasturage referred to, as given in exchange for the right of way set forth in plaintiff's complaint. The deed which we have referred to, executed by the said Thomas Brady, purporting to convey a right of way, was excluded by the court on the theory that it described a right of way across lands in a different section from that where the road actually constructed and used by the plaintiffs was and is located. It does appear, however, that the grantee in the deed was examined in relation thereto for the purpose of showing a mutual mistake of the parties in the description contained in the deed and that the grantor intended by the conveyance to give the plaintiffs the right of way or easement over the particular lands where the road was laid out and the improvements made. This testimony was admitted in connection with other testimony for the purpose of establishing an executed parol grant of the easement and that the same had become effectual by its exercise while Thomas Brady was still the owner of the land and that, in pursuance of the parol agreement, the plaintiffs had entered into the possession of and had made the improvements of the road leading from the county road or highway to the lands belonging to the two clubs, all during the time that Thomas Brady was the owner of the lands intended to be granted, and that after the building

of said road said plaintiffs and the defendants used the same without objection from anyone for a period of three years.

Upon these facts, which we have gleaned from the record and from the findings of the court, the court drew its conclusions that the easement for the right of way had become vested in the plaintiffs as an executed parol grant and that the plaintiffs were the owners of the equitable title to such easement, and as such were entitled to an in- injunction restraining the defendants from interfering with the use thereof.

Appellants do not appear to challenge the correctness of the findings of the trial court, but rely upon the contention that an easement for a right of way cannot be acquired in any · such manner.

The findings of fact show an agreeement of exchange, the entering of the plaintiffs into the immediate possession of the right of way, followed by the improvement and actual use of the road they had built upon such right of way, all with the knowledge and consent of Thomas Brady, the then owner of the premises.

The law is clear that such an equitable title is amply sufficient to sustain an action to restrain interference therewith. As stated in *Flickinger* v. *Shaw*, 87 Cal. 126 [22 Am. St. Rep. 234, 11 L. R. A. 134, 25 Pac. 268], where a right of way for the construction of a ditch was involved, possession had been given and deed unexecuted: "Where nothing remains to be done except the execution of a conveyance of the right of way . . . the equity to a deed is perfect (*Morrison* v. *Wilson*, 13 Cal. 494 [73 Am. Dec. 593]) ; and when such is the case, a court of equity, in accordance with its familiar rules considering that as done which ought to be done, will protect it as readily and fully as a legal title. If the legal title would be protected by an injunction, a perfect equitable title should also."

In *Rubio Cañon etc. Assn.* v. *Everett*, 154 Cal. 29 [96 Pac. 811], a case where the principle involved is the same as that with which we are here dealing, it was held: "That an equitable title to an easement might be acquired by parol." The agreement involved in that case referred to a right of way for a pipe-line and in an action to protect such easement, the court held (quoting from the syllabus) :

"In such action, evidence of the parol agreement between the original owner of the land and the plaintiff, who erected the pumping plant, is admissible for the purpose of showing that the plaintiff held the equitable title to the easement prior to the conveyance thereof by such owner."

It will be noticed that the agreement in the case at bar relative to the right of way and the pasturage therefor was an agreement of immediate exchange, not of something to take place in the future, that Thomas Brady proceeded to take the benefit of the pasturage and the plaintiffs proceeded with the improvement of the road along the line where the easement was located by the oral agreement. The earliest California cases to which our attention has been called, *McDonald* v. *Bear River, etc.*, 13 Cal. 234, sustains such agreements and protects rights acquired thereunder as fully and completely as though a deed had been executed in due form. After considering certain technical defects under which the plaintiff took possession, the court, in its opinion, uses the following language: "That by force of such agreement and the possession taken under it, McDonald acquired an equitable estate in the premises, giving him a present right to its full enjoyment (we think clear); and this right, being united with the present possession, enabled him to maintain any action for the interruption of the possession or any injury to the property."

In considering the question of easements acquired by an oral agreement, the text-writer, in 9 California Jurisprudence, page 949, thus expresses the rule of decision: "Even an oral agreement, if executed and based upon a valuable consideration, will convey an equitable title to the easement agreed upon," citing *Flickinger* v. *Shaw*, 87 Cal. 126 [22 Am. St. Rep. 234, 11 L. R. A. 134, 25 Pac. 268], and *Rubio Cañon etc. Assn.* v. *Everett*, 154 Cal. 29 [96 Pac. 811]. The California cases all hold that an easement may be created by an executed oral agreement. We need only cite the following: *Blankenship* v. *Whaley*, 124 Cal. 300 [57 Pac. 79]; *Stoner* v. *Zucker*, 148 Cal. 516 [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808]; *Gravelly Ford Canal Co.* v. *Pope & Talbot Land Co.*, 192 Cal. 4 [178 Pac. 155]; *Cairns* v. *Haddock*, 60 Cal. App. 83 [212 Pac. 222]; *Scott* v. *Henry*, 196 Cal. 666 [239 Pac. 314].

In *Scott* v. *Henry, supra,* the action was one to enjoin the defendant from interfering with the plaintiff's right to maintain and use a certain ditch across the lands belonging to the plaintiff. It was there held that an easement for such ditch was created and acquired by parol. The owner of the servient tenement had made and delivered deeds, by which it was intended to vest title in the easement and also went upon the lands with the plaintiffs and the plaintiffs proceeded to immediately make use thereof, etc.

It does not appear in the case at bar whether Thomas Brady went upon the lands intended to be conveyed by the deed referred to, purporting to invest the plaintiff with an easement for a road, but it does appear that all parties had knowledge of the location of the right of way and that immediately after the agreement herein referred to, the plaintiffs proceeded to improve the right of way intended to be conveyed and covered by the easement, and to make use thereof, and that this use was continued for the period of three years without any objection, which presents a state of facts identical in principle with those involved in the case of *Scott* v. *Henry, supra.*

In *Cairns* v. *Haddock,* 60 Cal. App. 83 [212 Pac. 222], this court, where a right to the continuance of an easement created by parol was involved, held as follows: "A parol license to construct an irrigating ditch over the licensor's land, which is executed by the construction of the ditch by the licensee with the expenditure of a large sum of money, becomes in all essentials an easement upon the licensor's land, continuing for such length of time as the ditch may continue." A like ruling was held in the case of *Gravelly Ford Canal Co.* v. *Pope & Talbot Co.,* 192 Cal. 4 [218 Pac. 405].

In *Stoner* v. *Zucker,* 148 Cal. 516 [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808], the contention was over the right to maintain an irrigating ditch. It was there held that the easement granted by parol conveyed a title which would be protected.

Our attention not having been called to and not being able to discover from the record any particulars in which the findings are not supported by the evidence, and the law being established by an unbroken line of authorities

that a parol agreement for a right of way when executed, followed by improvements and expenditures of money and use, will be protected, the judgment of the trial court must be and the same is hereby affirmed.

Glenn, J., *pro tem.*, and Finch, P. J., concurred.